FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2007 APR 13 PM 4:04

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

ROSCOE ALLEN, JR. and )
NATHANIEL SMITH, )
              )
    Plaintiffs, )
              )
vs.           )   Case No. CV502-42
              )
CITY OF DOUGLAS, GEORGIA, )
et al.,       )
              )
    Defendants. )
_____)

## O R D E R

Defendants City of Douglas, Georgia, Max Lockwood, Ronnie Anderson, Don Brooks, and Bob Moore (collectively "the City Defendants") have filed a Motion for Attorney's Fees and Expenses as Prevailing Parties and a Motion for Rule 11 Sanctions. (Docs. 97 & 98, respectively.) After careful consideration and for the following reasons, Defendants' motion for attorney's fees is **GRANTED IN PART**, and their motion for sanctions is **DENIED**.

### BACKGROUND

The facts of this case are well known to this Court and all parties. On May 8, 2002, Plaintiffs filed a Complaint alleging that the City Defendants and Defendants Charles Moore, Olivia Pearson and Johnnie Roper (collectively "the individual Defendants") discriminated against them because of their race. Specifically, Plaintiffs contend that they were denied the benefit of the City's water and sewer extension policy which provided

certain assistance to developers of residential subdivisions within the city limits.

After the completion of discovery, the individual Defendants filed a motion to dismiss on all counts. On April 20, 2005, the Court granted the motion and ordered Plaintiffs' counsel, Ms. Vernita Lee, to show cause why she should not be sanctioned under Rule 11. After reviewing Ms. Lee's response, the Court found that she should have been aware that her clients' claims against the individual Defendants were frivolous. Therefore, the Court ordered Ms. Lee to reimburse the individual Defendants for attorney's fees, costs, and expenses in the amount of $3,801.66.

Concurrent with the individual Defendants' motion to dismiss, the City Defendants moved for judgment as a matter of law on the claims against them. After conducting a lengthy analysis of the arguments on both sides, the Court granted the City Defendants' Motion for Summary Judgment. One month later, the City Defendants filed the instant motions for attorney's fees and Rule 11 sanctions.

## ANALYSIS

Pursuant to 42 U.S.C. § 1988, a court may award reasonable attorney's fees to a prevailing party in a § 1983 action. An award of attorney's fees is warranted where a plaintiff's claims were "frivolous, unreasonable, or groundless, or [where a] plaintiff continued to litigate after it clearly became so, even in the

absence of subjective bad faith." See, Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421, 98 S. Ct. 694, 700, 54 L. Ed. 2d 648 (1978) (1978); Quintana v. Jenne, 414 F.3d 1306, 1309 (11th Cir. 2005 ); Bonner v. Mobile Energy Servs. Co., 246 F.3d 1303, 1304 (11th Cir. 2001); Turner v. Sungard Bus. Sys., Inc., 91 F.3d 1418, 1422 (11th Cir. 1996); Head v. Medford, 62 F.3d 351, 355 (11th Cir. 1995).

Factors that are important in determining whether a claim is frivolous include (1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits. Sullivan v. Sch. Bd. of Pinellas County, 773 F.2d 1182, 1189 (11th Cir. 1985). These factors "are general guidelines only, not hard and fast rules. Determinations regarding frivolity are to be made on a case-by-case basis." Id.

After reviewing the record in this case and applying the Sullivan factors, the Court finds that attorney's fees are warranted. The second and third factors are undisputed. Defendants did not offer to settle this case, and the Court granted the City Defendants' Motion for Summary Judgment, thereby dismissing Plaintiffs' case prior to trial. Further, the record shows that Plaintiffs did not establish a prima facie case of discrimination. Specifically, they failed to offer evidence of similarly situated persons from outside of their protective class whose requests for reimbursement were approved by the Board.

Nevertheless, there is evidence to suggest that Plaintiffs' suit was not so frivolous as to warrant an award of all of Defendants' requested fees. Plaintiffs' initial belief that their reimbursement request was due to their race was not unreasonable under the circumstances. In fact, council members and the mayor appeared to believe that the reimbursement program was still ongoing or had been reenacted. One council member went so far as to proclaim that the denial of funding was due to their race. Moreover, before discovery was completed, it appeared that other builders may have received assistance under the policy after the policy's alleged suspension date.

However, after the completion of discovery, the frivolity of the suit was clear. Documents produced in discovery showed that the policy was suspended nearly two years before Plaintiffs requested assistance. At that point, Plaintiffs should have ceased litigation. They did not do so. Consequently, the City Defendants are entitled to recover reasonable attorney's fees and litigation expenses attributable to any actions undertaken after the close of discovery.

## CONCLUSION

After careful consideration, Defendants' Motion for Attorney's Fees and Expenses as Prevailing Parties is **GRANTED IN PART**, and their Motion for Rule 11 Sanctions is **DENIED**. Defendants are **DIRECTED** to submit an accounting of those fees and expenses fairly attributable to actions undertaken on behalf of the City Defendants

4

after the close of discovery along with the requisite time sheets and other documentation. Any objections to the fees and expenses there detailed must be filed with this Court within **twenty days** of the date upon which the accounting is filed.

SO ORDERED, this 13th day of April, 2007.

WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA